UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07969 BRO (AGRx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | AZAR SABETI RAISSIAN V. QUALITY LOAN SERVICE CORP. ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | | |
|---|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9] AND VACATING DEFENDANT'S MOTION TO DISMISS [13]**

## I.  INTRODUCTION

Pending before the Court are two separate motions: (1) Plaintiff Azar Sabeti Raissian's Motion to Remand (Dkt. No. 9), and (2) Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss (Dkt. No. 13). After considering the papers filed in support of and in opposition to the instant motions, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court finds it lacks subject matter jurisdiction over this matter and accordingly **GRANTS** the Motion to Remand and **VACATES** the Motion to Dismiss.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This matter involves a real property dispute between Plaintiff Azar Sabeti Raissian ("Plaintiff") and Defendants Select Portfolio Servicing, Inc. ("SPS") and Quality Loan Service Corp. ("Quality") (collectively, "Defendants"). On September 22, 1995, Plaintiff obtained a mortgage loan secured by a parcel of real property located at 6425 Valley Circle Terrace, Los Angeles, California, 91307. (Compl. ¶ 1, 17; *see also id.* Ex. 3.) The loan's principal is $585,000. (*Id.* Ex. 3 at 2.) The original deed of trust named United Independent Title Insurance Company as the trustee. (*Id.* Ex. 3 at 1–2.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–07969 BRO (AGRx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | AZAR SABETI RAISSIAN V. QUALITY LOAN SERVICE CORP. ET AL. | | |

According to the Complaint, Plaintiff applied for a loan modification on January 1, 2013. (*Id.* ¶ 27.) Plaintiff alleges he never received a written determination as to his eligibility for a loan modification. (*Id.*) Quality became the loan's trustee later that year on October 4, 2013. (*Id.* ¶ 18.) Three days after the trustee substitution, Defendants recorded a notice of default and election to sell against the property. (*Id.* ¶ 19.) Defendants then recorded a notice of trustee's sale on January 10, 2014. (*Id.* ¶ 28.)

Believing the property's foreclosure would violate his rights under California law, Plaintiff initiated this action in the Superior Court of California, County of Los Angeles on August 7, 2014. (*See* Notice of Removal ("Removal") Ex. 1.) The Complaint brings six claims against Defendants. These include five claims for violations of the California Civil Code,[1] as well as one claim for unfair business practices under California Business and Professions Code section 17200 *et seq*. (Compl. ¶¶ 21–53.)

Defendant SPS removed the matter to this Court on October 15, 2014, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Removal ¶¶ 7–13). Plaintiff is domiciled in and therefore a citizen of California. (Compl. ¶ 1.) SPS is a Utah citizen for purposes of diversity jurisdiction.[2] (Removal ¶ 9(a).) Like Plaintiff, Quality is a California citizen. (*Id.* ¶ 9(b).) SPS nevertheless alleges complete diversity exists and removal is proper because as the loan trustee, Quality is a nominal defendant whose citizenship should be disregarded for subject matter jurisdiction purposes.

Plaintiff filed the instant Motion to Remand on October 20, 2014.[3] (Dkt. No. 9.) Plaintiff asserts that Quality abused its authority as trustee and is therefore not a nominal

---

[1] Specifically, Plaintiff alleges Defendants have violated sections 2923.55, 2923.6, 2923.7, 2924.11, and 2924.12 of the California Civil Code.

[2] Corporations are deemed citizens of each state in which they are incorporated and have a principal place of business. 28 U.S.C. § 1332(c)(1).

[3] Plaintiff's motion does not comply with the Court's Local Rule 7-3. Under this rule, a party "contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. The notice of motion must include a statement indicating that counsel did in fact confer and the date of the conference. *Id.* Plaintiff's notice of motion does not include this statement. The Court admonishes Plaintiff to carefully comply with all Local Rules in the future.

Case 2:14-cv-07969-BRO-AGR Document 24 Filed 11/19/14 Page 3 of 8 Page ID #:210

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07969 BRO (AGRx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | AZAR SABETI RAISSIAN V. QUALITY LOAN SERVICE CORP. ET AL. | | |

defendant, and that the amount in controversy does not satisfy §1332's jurisdictional requirement. SPS timely opposed the motion. (Dkt. No. 17.) SPS also filed a Motion to Dismiss the Complaint in its entirety. (Dkt. No. 13.)

## III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. They possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "citizens of different states." *Id.* § 1332(a)(1). The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a). This means removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. If a matter is removable solely on the basis of diversity jurisdiction under § 1332, it may not be removed if any properly joined and served defendant is a citizen of the forum state. *Id.* § 1441(b)(2).

In determining whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *See id.*

## IV.  DISCUSSION

Plaintiff contends SPS has failed to satisfy its heavy burden to establish the propriety of this matter's removal. Specifically, Plaintiff argues (1) Quality is not a nominal defendant and accordingly, complete diversity is lacking; (2) SPS has not carried

Case 2:14-cv-07969-BRO-AGR Document 24 Filed 11/19/14 Page 4 of 8 Page ID #:211

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07969 BRO (AGRx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | AZAR SABETI RAISSIAN V. QUALITY LOAN SERVICE CORP. ET AL. | | |

its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of costs and interest; and (3) the notice of removal was procedurally improper because Quality did not join in or consent to it. As discussed below, the Court finds it lacks subject matter jurisdiction because SPS has failed to establish that Quality is a purely nominal defendant.

### A. Quality Is Not A Nominal Defendant

There is an exception to the complete diversity rule in the case of nominal parties. "A defendant is a nominal party where his role is limited to that of a stakeholder or depositary." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002).

The parties do not dispute that both Plaintiff and Quality are California citizens for purposes of jurisdiction. The question is whether Quality is a nominal party such that its citizenship must be disregarded. SPS primarily argues that Quality must be deemed a nominal party because it filed an unopposed declaration of non-monetary status in the state court proceeding before SPS removed the matter to this Court. (*See* Opp'n to Mot. to Remand at 5–7.)

California Civil Code section 2924l provides a mechanism for excusing trustees under a deed of trust from participating in an action or proceeding in which the deed of trust is the subject of the dispute. Under section 2924l, a trustee is excused from the proceedings if it files and serves a declaration of non-monetary status and no objection is made within fifteen days of service. *See* Cal. Civ. Code § 2924l(d). If the trustee serves the declaration by mail, the parties have twenty days from the date of deposit to object.[4] *See* Cal. Civ. Proc. Code § 1013(a). A trustee may file a declaration of non-monetary status if it "knows or maintains a reasonable belief that it has been named as a defendant in the proceeding solely in its capacity as trustee under the deed of trust" and not because

---

[4] California Code of Civil Procedure section 1013(a) governs service by mail. Specifically, the statute provides that "[s]ervice is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period . . . shall be extended five calendar days" where a party serves documents by mail within the State of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07969 BRO (AGRx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | AZAR SABETI RAISSIAN V. QUALITY LOAN SERVICE CORP. ET AL. | | |

of any acts or omissions in the performance of its duties as trustee. Cal. Civ. Code § 2924l(b).

Quality filed a declaration of non-monetary status on September 22, 2014. (*See* Removal Ex. 2.) It is unclear whether Quality mailed or personally served the declaration.[5] At the latest, Plaintiff's time to object expired on October 12, 2014. The parties dispute whether Plaintiff objected within this time frame.[6]

Plaintiff argues Quality cannot be deemed a nominal defendant because the case law is not clear as to whether a trustee's declaration of non-monetary status is sufficient to establish the trustee's nominal status. (Mot. to Remand at 4–8.) As SPS points out in its Opposition, some of the cases upon which Plaintiff relies are distinguishable.[7] But other cases demonstrate that courts are divided over whether an unopposed declaration of non-monetary status alone renders the trustee a purely nominal party.

---

[5] SPS has attached a copy of the docket from the state court action to show Quality filed the declaration. (*Id.*) The docket indicates Quality served the declaration, but it does not indicate which method of service was used.

[6] SPS asserts Plaintiff never objected to Quality's declaration of non-monetary status (Opp'n to Mot. to Remand at 5), but Plaintiff contends he filed an objection before SPS removed the matter to this Court (Pl.'s Mot. to Remand at 8). Plaintiff has not supported this contention with any evidence or documentation. And other portions of the motion concede that he did not object. (*Id.* at 4.) Additionally, the state court docket does not reflect the filing of any objection. (*See* Removal Ex. 2.) Because the Court's conclusion that it lacks subject matter jurisdiction does not depend on whether or not Plaintiff in fact objected, the Court need not resolve this factual dispute. The Court's analysis will nevertheless assume Plaintiff did not object because, as discussed below, Quality is not a nominal defendant even if Plaintiff failed to timely object.

[7] For example, in *Boggs v. Wells Fargo Bank NA*, No. C 11-2346 SBA, 2012 WL 2357428, at *3 (N.D. Cal. June 14, 2012), the court refused to recognize the trustee as a nominal defendant based on the filing of a declaration of non-monetary status because the fifteen-day objection period had not expired at the time of removal. Accordingly, even if a trustee could be considered a nominal party under section 2924l, the trustee was not one when the case was removed. *Id.* Plaintiff's reliance on *Wise v. Suntrust Mortgage, Inc.*, No. 11-CV-01360-LHK, 2011 WL 1466153 (N.D. Cal. Apr. 18, 2011) is misplaced for the same reason. *Id.* at *4. *Tran v. Washington Mutual Bank*, No. CIV S-09-3277 LKK/DA, 2010 WL 520878 (E.D. Cal. Feb. 11, 2010) is also distinguishable. That case did not consider whether section 2924l renders a trustee a nominal defendant for purposes of removal. *Id.* at *1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07969 BRO (AGRx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | AZAR SABETI RAISSIAN V. QUALITY LOAN SERVICE CORP. ET AL. | | |

In *Hershcu v. Wells Fargo Bank, NA*, No. 12-CV-00096 BEN BLM, 2012 WL 439698, at *2 (S.D. Cal. Feb. 10, 2012), the court found that section 2924l does not conclusively render a trustee a nominal party. The court relied on the fact that section 2924l permits a party to challenge a trustee's declaration even after the objection period has expired. *Id.*; *see also* Cal. Civ. Code § 2924l(e). If the motion is granted, the trustee must thereafter participate in the proceedings. *See* Cal. Civ. Code § 2924l(e). The *Hershcu* court also relied on the fact that trustees remain bound by court orders relating to the subject of the deed of trust, regardless of whether the trustee's declaration remains unchallenged throughout the proceedings. *Hershcu*, 2012 WL 439698, at *2; *see also* Cal. Civ. Code § 2924l(d).

Other courts have concluded that an unopposed declaration of non-monetary status is sufficient to render a trustee a nominal party. *Rivera v. Aurora Loan Servs. LLC*, No. 09CV2686 BTM RBB, 2010 WL 1709376, at *2 (S.D. Cal. Apr. 26, 2010) ("[The trustee] filed a notice of non-monetary status in state court, to which [p]laintiffs failed to object. Under these circumstances, the [c]ourt properly has jurisdiction."); *accord Figueiredo v. Aurora Loan*, No. C 09-4784 PJH, 2009 WL 5184472, at *1 (N.D. Cal. Dec. 22, 2009) (denying motion to remand where plaintiff failed to timely object to trustee's declaration of non-monetary status); *see also Delgado v. Bank of Am. Corp.*, No. 1:09CV01638 AWI DLB, 2009 WL 4163525, at *5 (E.D. Cal. Nov. 23, 2009) (finding trustee who filed declaration of non-monetary status had no real stake or interest in the outcome of the suit and was a nominal party).

In sum, the case law is divided on the issue of whether a trustee's unopposed declaration of non-monetary status renders it a nominal defendant. But the Court need not resolve the issue at this time because regardless of whether an unopposed declaration *may* render a trustee a nominal party, *Quality* cannot be deemed a nominal defendant because the Complaint clearly demonstrates it is not a mere stakeholder. This is because a court need not regard a trustee as a nominal party where the complaint pleads substantive allegations against and seeks money damages from the trustee. *See Latino v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02037-MCE, 2011 WL 4928880, at *3 (E.D. Cal. Oct. 17, 2011).

Plaintiff's Complaint alleges a claim under California Civil Code section 2923.55 against both SPS and Quality. (Compl. ¶¶21–24.) Under the statute, a mortgage servicer,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–07969 BRO (AGRx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | AZAR SABETI RAISSIAN V. QUALITY LOAN SERVICE CORP. ET AL. | | |

mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default until the mortgage servicer sends certain information and documentation to the borrower as required by subdivision (b)(1). *See* Cal. Civ. Code § 2923.55(a)(1).[8] Plaintiff alleges he did not receive any of the required documents. (Compl. ¶ 23.) Plaintiff also alleges SPS and Quality nevertheless recorded a notice of default on the subject property. (*Id.* ¶ 19.) SPS has not provided the Court with any documents to suggest Quality was not involved in recording the notice of default, and the Complaint alleges SPS and Quality acted as agents. (*Id.* ¶ 5.) Plaintiff also seeks money damages from each defendant for the alleged statutory violation. (*Id.* ¶ 24.)

The Court must assume the truth of Plaintiff's allegations. *See Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010). Assuming these allegations are true, Quality has a sufficient stake in the outcome of these proceedings such that it cannot be deemed a purely nominal defendant. *See Cheng v. Wells Fargo Bank, NA*, No. SACV 10-1764-JST, 2010 WL 4923045, at *1 (C.D. Cal. Dec. 2, 2010) (finding the plaintiff sufficiently stated a claim against the trustee where the complaint alleged the trustee filed a notice of default). The Court therefore cannot disregard Quality's citizenship for diversity jurisdiction purposes. *Strotek Corp.*, 300 F.3d at 1133. Because complete diversity is lacking, the Court does not address whether SPS has established the requisite amount in controversy for diversity jurisdiction under § 1332.

### B. The Notice of Removal was Procedurally Improper

28 U.S.C. § 1446 governs the procedure for removing civil actions from state court to the federal district court. The statute requires all defendants who have been properly joined and served to join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). But nominal parties are not required to join in or consent. *Hewitt*, 798 F.2d at 1232.

---

[8] SPS asserts that claims under section 2923.55 concern only mortgage servicer activity such that Plaintiff's claim does not raise any substantive allegations against Quality, the trustee. (Opp'n to Mot. to Remand at 7.) The Court is mindful that the statute requires only mortgage servicers to send certain written information to the borrower. *See* Cal. Civ. Code § 2923.55(b)(1). But SPS does not direct the Court to any authority contradicting the statute's plain language that "[a] mortgage servicer, mortgagee, *trustee*, beneficiary, or authorized agent may not record a notice of default" until the mortgage servicer has satisfied subdivision (b)(1)'s requirements. *Id.* § 2923.55(a) (emphasis added).

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 14–07969 BRO (AGRx) | Date | November 18, 2014 |
|---|---|---|---|
| Title | AZAR SABETI RAISSIAN V. QUALITY LOAN SERVICE CORP. ET AL. | | |

Here, SPS alone filed the notice of removal. (*See* Dkt. No. 1.) As discussed above, the Court finds Quality is not a nominal party. Accordingly, Quality was required to join in or consent to the matter's removal. Because it did not, the removal was also procedurally improper.

## V.     CONCLUSION

For the foregoing reasons, the Court finds SPS has failed to establish Quality's status as a nominal party. This matter's removal was therefore improper under § 1441 and § 1446, as complete diversity is lacking and Quality failed to join in or consent to the notice of removal. Because the Court lacks subject matter jurisdiction under § 1332, Plaintiff's Motion to Remand is **GRANTED**, and this matter is **REMANDED** to the Superior Court of California, County of Los Angeles, Central District. SPS's Motion to Dismiss is also **VACATED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

:

Initials of Preparer     rf